UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Michael Johnson, *on behalf of herself and all others similarly situated,*<br><br>              Plaintiff,<br>      v.<br><br>Comodo Group, Inc.,<br><br>              Defendant. | Civil Action No.: _____<br><br><br><br>**CLASS ACTION COMPLAINT** |

For his Class Action Complaint, Plaintiff Michael Johnson, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.  Plaintiff, Michael Johnson ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Comodo Group, Inc. ("Comodo" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.  Comodo is an internet security company. It claims "market share leadership, being the #1 SSL Certificate Authority in the world, with more than 36% of the market."

3.  In an effort to market its SSL certificates, Comodo developed a telephone marketing campaign to make automated telemarketing calls to consumers' telephones.

4.  Comodo did not obtain telephone numbers directly from the consumers. Nor did it obtain the consumers' clear and conspicuous express written consent to call their telephone numbers with automated technology, as required by the TCPA and regulations enacted thereunder.

5. Plaintiff is not a Comodo customer. He did not give Comodo his cell phone number. He nonetheless received automated calls from Comodo on his cell phone. Plaintiff repeatedly advised Comodo that he did not want their products and requested that Comodo stop calling. Comodo continued to place automated calls to Plaintiff's cell phone. Plaintiff brings this lawsuit on behalf of himself and like-situated parties for Comodo's straightforward violations of the TCPA.

**PARTIES, JURISDICTION AND VENUE**

6. Plaintiff is and at all times mentioned herein was an individual person residing in Oregon.

7. Comodo is a Delaware business entity headquartered in Clifton, New Jersey.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

9. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides here and a substantial part of the events giving rise to the claim occurred here.

**THE TELEPHONE CONSUMER PROTECTION ACT**

10. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS" or "autodialer").

11. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called or an emergency purpose.

12. "Prior express *written* consent" is required before making automated *telemarketing* calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or

prerecorded voice. 47 C.F.R. § 64.1200.

13. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

14. According to the Federal Communications Commission, ("FCC"), an ATDS "encompass[es] any equipment that stores telephone numbers in a database and dials them without human intervention." *Nunes v. Twitter, Inc.*, No. 14-cv-02843-VC, 2014 WL 6708465, at *1 (N.D. Cal. Nov. 26, 2014); *Fields v. Mobile Messengers Am., Inc.*, No. 12-cv-05160-WHA, 2013 WL 6774076, at *3 (N.D. Cal. Dec. 23, 2013) (concluding there were genuine disputes of material fact regarding whether messages were sent using an ATDS where plaintiffs alleged that the equipment used functioned similarly to a predictive dialer in that it received numbers from a computer database and dialed those numbers without human intervention.").

15. "Human intervention" means significant human involvement in the dialing of a number, and any human involvement with phone number compilation is irrelevant. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02–278, Report and Order, 18 FCC Rcd. 14014, ¶ 132 (2003) ("The basic function of [ATDS], however, has not changed—the capacity to dial numbers without human intervention." (emphasis added and omitted)); *Moore v. Dish Network L.L.C.*, 57 F. Supp. 3d 639, 654 (N.D.W. Va. 2014) ("[I]t is irrelevant under the FCC's definition of a predictive dialer that humans are involved in the process of creating the lists that are entered into the Campaign Manager software.").

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

16. In the last year, Comodo began placing calls to Plaintiff's cell phone at number 310-xxx-2715.

17. Defendant called Plaintiff's cellular telephone using an ATDS as defined by 47 U.S.C. § 227(a)(1).

18. When Plaintiff answered Comodo's calls, he was met with dead air. The calls then disconnected without anyone coming on the line.

19. The foregoing is indicative of Comodo's use of a 'predictive dialer,' an ATDS under the TCPA. Comodo's system dialed Plaintiff's number without any human involvement and without any agent being available to handle the call. Comodo's system then disconnected the calls when no agent took the call.

20. On other calls, Plaintiff was able to speak to a live Comodo representative. Comodo's representatives inquired whether Plaintiff was interested in purchasing an SSL certificate from Comodo.

21. Plaintiff repeatedly advised the Comodo representatives that he was not interested in the products or services, and requested that Comodo cease calling.

22. Plaintiff is not a Comodo customer. He did not provide his cell phone number to Comodo. He did not provide prior express written consent for Comodo to place automated telemarketing calls to his phone number.

23. Plaintiff was annoyed, frustrated, and inconvenienced by Comodo's calls.

24. The telephone number called by Defendant was and is assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

26. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following classes (the "Classes"):

> **TCPA Class: (1) All persons in the United States (2) to whose cellular telephone number (3) Comodo placed a non-emergency telephone call (4) using an autodialer (5) within four years of the complaint (6) where Comodo did not have prior express written consent to call said cellular telephone number.**
>
> **Oral Revoke Class: (1) All persons in the United States (2) to whose cellular telephone number (3) Comodo placed a non-emergency telephone call (4) using an autodialer (5) within four years of the complaint (6) after said person had advised Comodo to cease calling.**

27. Plaintiff represents and is a member of the Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

28. Plaintiff does not know the exact number of members in the Classes, but based upon the size and national scope of United and the automated nature of the calls, Plaintiff reasonably believes that the Classes number in the thousands.

29. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

30. There are questions of law and fact common to the members of the Class which

predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    i. Whether Comodo engaged in a pattern of using an autodialer to place calls to cellular phones;

    ii. Whether Comodo engaged in a pattern of using an automated/prerecorded voice on calls to cellular telephones;

    iii. Whether Comodo had prior express consent to place the calls; and

    iv. Whether Comodo willfully violated the TCPA.

31. As a person who received automated telephone calls from Comodo on his cellular phone without having given prior express consent, and who advised Comodo to cease calling, Plaintiff asserts claims that are typical of the members of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Classes.

32. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

33. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the

statute to authorize calls to their cellular telephones as Comodo did not attempt to obtain consent required by the TCPA prior to placing the calls.

34. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

### COUNT I –VIOLATIONS OF THE TCPA

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Plaintiff brings this claim on behalf of herself and the Classes.

37. Comodo made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

38. Comodo has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

39. Each of the aforementioned calls by Comodo constitutes a violation of the TCPA.

40. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

42. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer; and

- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. Plaintiff brings this claim on behalf of herself and the Class.

45. Comodo made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

46. Comodo has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

47. Each of the aforementioned calls by Comodo constitutes a willful violation of the TCPA.

48. Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

50. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Classes;

- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so;

- Defendant willfully disregarded non-customer consumers' requests for Comodo to cease calling; and

- It is Defendant's practice and history to place automated telephone calls to non-customers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

    A.    Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

    B.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    C.    Declaratory relief as prayed for herein;

    E.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: July 22, 2016

Respectfully submitted,
PLAINTIFF, Michael Johnson

By: */s/ Sofia Balile*
Sofia Balile, Esq.
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250

          Facsimile:   (203) 653-3424
*Attorneys for Plaintiff*