**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

Michael Johnson, *on behalf of himself and all others similarly situated,*

                Plaintiff,

    v.

Comodo Group, Inc.,

                Defendant.

_____

:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.:   16-cv-04469-SDW-LDW

**FIRST AMENDED CLASS ACTION COMPLAINT**

For this, his First Amended Class Action Complaint, Plaintiff Michael Johnson, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

<u>**INTRODUCTION**</u>

1.      The Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), was enacted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile machines and automatic dialers." S. Rep. No. 102–178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968. The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing calls. *See id.* at 2.

2.      By cold calling consumers to sell and market internet security certificates using both automatic dialing systems and prerecorded voices without the called party's prior express

written consent, Comodo Group, Inc. ("Comodo" or "Defendant") operates in flagrant violation of the TCPA.

3.    Comodo identified Plaintiff Michael Johnson ("Plaintiff") as a sales target, found his cellular number online and proceeded to call it with an automatic dialer and with prerecorded messages, without any consent whatsoever, to sell Comodo internet security certificates.

4.    Plaintiff was far from alone in this regard.   The process by which he was targeted and called by Comodo was a programmatic and intentional marketing and sales campaign.   Plaintiff brings this class action for relief under the TCPA for himself and all others similarly situated.

## PARTIES, JURISDICTION AND VENUE

5.    Plaintiff is and at all times mentioned herein was an individual person residing in Oregon.

6.    Comodo is a Delaware business entity headquartered in Clifton, New Jersey.

7.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

8.    Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides here and a substantial part of the events giving rise to the claim occurred here.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.    The TCPA regulates, among other things, the use of automated telephone dialing systems and prerecorded voices ("ATDS" or "autodialer").

10.    47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or a prerecorded voice to a cellular phone without prior express consent by the person called.

11. "Prior express *written* consent" is required before making automated telemarketing calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200.

12. According to the Federal Communications Commission, ("FCC"), an ATDS "encompass[es] any equipment that stores telephone numbers in a database and dials them without human intervention." *Nunes v. Twitter, Inc.*, No. 14-cv-02843-VC, 2014 WL 6708465, at *1 (N.D. Cal. Nov. 26, 2014); *Fields v. Mobile Messengers Am., Inc.*, No. 12-cv-05160-WHA, 2013 WL 6774076, at *3 (N.D. Cal. Dec. 23, 2013) (concluding there were genuine disputes of material fact regarding whether messages were sent using an ATDS where plaintiffs alleged that the equipment used functioned similarly to a predictive dialer in that it received numbers from a computer database and dialed those numbers without human intervention.").

13. "Human intervention" means significant human involvement in the dialing of a number, and any human involvement with phone number compilation is irrelevant. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02–278, Report and Order, 18 FCC Rcd. 14014, ¶ 132 (2003) ("The basic function of [ATDS], however, has not changed—the capacity to dial numbers without human intervention." (emphasis added and omitted)); *Moore v. Dish Network L.L.C.*, 57 F. Supp. 3d 639, 654 (N.D.W. Va. 2014) ("[I]t is irrelevant under the FCC's definition of a predictive dialer that humans are involved in the process of creating the lists that are entered into the Campaign Manager software.").

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### *Comodo Sales Practices*

14.     Comodo is the largest issuer of SSL Certificates in the world with, as of February 3, 2017, a 44% market share on 13.9% of all internet domain names.[1]

15.     SSL Certificates are encryption keys which permit secure communication between websites and end users.

16.     SSL Certificates are sold by "Certificate Authorities," third parties like Comodo, to facilitate the secure use of websites.

17.     SSL Certificates themselves do not last forever.   Industry guidelines provide that SSL Certificates have a maximum validity of three years after which a particular SSL Certificate will expire and a new one must be purchased.

18.     SSL Certificates, once sold and in use, contain a great deal of information concerning the issuing party and the using party (i.e. the website operator) as contact information is imbedded in the certificate itself in addition to the certificate's particular expiration date.

19.     SSL Certificates, once in use, are accessible through the internet through individual or programmatic means.   An individual can click the padlock icon located on an address bar ( 🔒 ) to review certificate details.   A company can also programmatically access SSL Certificates to extract all the certificate's (and every other certificates') relevant data.

20.     Comodo has created and runs an aggressive marketing and sales program to sell SSL Certificates.

---

[1]  Source: https://w3techs.com/technologies/overview/ssl_certificate/all.

21.     Comodo is able to discern when SSL Certificates are near expiration and is able to acquire contact information for certificate users from third-party sources or from certificates themselves. Such information is not provided from the certificate user directly to Comodo.

22.     When a particular SSL Certificate nears expiration, Comodo targets the certificate user for sales and telemarketing telephone calls.

23.     Comodo's telemarketing calls are made through an automated telephone dialing system ("ATDS" or the "Dialer").

24.     The Dialer is a predictive dialer ATDS.   Comodo loads telephone numbers into a campaign, the Dialer system then dials those numbers throughout the day at a rate which attempts to dial only when a Comodo agent may be available to take an already-dialed, connected call.   Once a call is answered, the Dialer will route the call to the available agent; at no point in this process does a human intervene in making the calls.

25.     The Dialer also permits Comodo sales representatives to leave prerecorded messages.   When the Dialer transfers a connected call to a Comodo agent, the agent has the option of leaving a pre-loaded and prerecorded message concerning the sale of Comodo products on an answering machine.

26.     Comodo did not scrub its campaign dialing lists to exclude cellular telephone numbers.

*Comodo Calls to Plaintiff*

27.     Plaintiff is not a Comodo customer nor did he provide his telephone number or any such information to Comodo.

28.     Comodo discerned that an SSL Certificate associated with Plaintiff was near expiration and acquired his cellular telephone number from a third-party source or the certificate itself.

29.     Comodo began calling Plaintiff on May 10, 2016, on his cellular telephone number, 310-xxx-2715, which had been loaded into the Dialer system and predicatively dialed on that date.

30.     The call on May 10, 2016, connected with Plaintiff's answering machine.   At that point, the call was routed to a Comodo agent who left the following prerecorded telemarketing voice message:

> Hello.   We are calling in regards to an expiring security certificate on one of your websites and like to talk to you about some renewal options.   If you can give us a call back at 973-915-3190 again the number is 973-915-3190.    Thank you.

31.     Over the course of the next several months, Comodo repeatedly called the Plaintiff using the automatic telephone dialing system and with prerecorded voices. Sometimes, when Plaintiff answered the phone, the system would hang up.

32.     On June 16, 2016, after Plaintiff answered the call and it was routed to a Comodo agent in India, Plaintiff told the agent that he was not interested in the Comodo product, which the agent was attempting to sell, and asked that further calls cease.

33.     As a result of the June 16, 2016 call, the Comodo agent marked Plaintiff's number as a "do-not-call" number

34.     Comodo's "do-not-call" registry is not set up to be automatic, and automated calls to the Plaintiff at his cellular telephone number were placed through the Dialer system up to and including July 7, 2016.

35. Plaintiff is not a Comodo customer.   He did not provide his cell phone number to Comodo.   He did not provide prior express written consent for Comodo to place automated telemarketing calls to his phone number.

36. Plaintiff was annoyed, frustrated, and inconvenienced by Comodo's cold sales calls which he did not ask for and which he attempted to stop.

37. Plaintiff is not alone in his complaints about Comodo's intrusive sales calls and numerous other consumers have made or lodged similar complaints.

## CLASS ALLEGATIONS

38. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following classes (the "Classes"):

> **TCPA Class: (1) All persons in the United States (2) to whose cellular telephone number (3) Comodo placed a non-emergency telephone call to sell an SSL Certificate (4) using an autodialer or prerecorded voice (5) within four years of the complaint (6) where Comodo did not have prior express written consent.**

> **Post-DNC Class: (1) All persons in the United States (2) to whose cellular telephone number (3) Comodo placed a non-emergency telephone call to sell an SSL Certificate (4) using an autodialer or prerecorded voice (5) within four years of the complaint (6) where Comodo did not have prior express written consent (7) after a do-not-call directive.**

39. Plaintiff represents and is a member of the Classes.   Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

40. Plaintiff does not know the exact number of members in the Classes, but based upon the size and national scope of Comodo and the automated nature of the calls, Plaintiff

reasonably believes that the Classes number in the thousands.

41.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Classes can be identified easily through records maintained by Defendant.

42.     There are questions of law and fact common to the members of the Classes which predominate over any questions that affect only individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    i.      Whether Comodo engaged in a pattern of using an autodialer to place calls to cellular phones;

    ii.     Whether Comodo engaged in a pattern of using an automated/prerecorded voice on calls to cellular telephones;

    iii.    Whether Comodo had prior express written consent to place the calls; and

    iv.     Whether Comodo willfully violated the TCPA.

43.     As a person who received automated and prerecorded telephone calls from Comodo on his cellular phone without having given prior express written consent, and who advised Comodo to cease calling, Plaintiff asserts claims that are typical of the members of the Classes.   Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Classes.

44.     Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

45.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims.  Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members did not provide the prior express written consent required under the statute to authorize calls to their cellular telephones as Comodo did not attempt to obtain prior express written consent required by the TCPA prior to placing the calls.

46.     Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I –VIOLATIONS OF THE TCPA

47.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.     Plaintiff brings this claim on behalf of himself and the Classes.

49.     Comodo made automated telephone calls and used prerecorded voices in calls to the wireless telephone number of Plaintiff and other Class members. These phone calls were made without the prior express written consent of Plaintiff or the other Class members and were not made for emergency purposes.

50.     Comodo has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call

made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

51.     Each of the aforementioned calls by Comodo constitutes a violation of the TCPA.

52.     Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

53.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

54.     Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer; and

- Defendant placed calls to the Plaintiff and the Classes without prior express written consent.

## COUNT II – WILLFUL VIOLATIONS OF THE TCPA

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     Plaintiff brings this claim on behalf of herself and the Class.

57.     Comodo made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without any consent, let alone prior express written consent, of Plaintiff or the other Class members and were not made for emergency purposes.

58.     Comodo has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using

10

any automatic telephone dialing system or an artificial or prerecorded voice."

59.     Each of the aforementioned calls by Comodo constitutes a willful violation of the TCPA.

60.     Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

61.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

62.     Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Classes;

- Defendant willfully placed automated calls to non-customers such as Plaintiff and the Classes, knowing it did not have prior express consent to do so;

- Defendant willfully disregarded non-customer consumers' requests for Comodo to cease calling; and

- It is Defendant's practice and history to place automated telephone calls to non-customers without their prior express consent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

A.   Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

B.   Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C.   Declaratory relief as prayed for herein;

E.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: February 20, 2018                                Respectfully submitted,
                                                        PLAINTIFF, Michael Johnson

                                        By:   */s/ Sofia Balile*_____
                                              Sofia Balile
                                              Stephen Taylor
                                              LEMBERG LAW, LLC
                                              43 Danbury Road
                                              Wilton, CT 06897
                                              Telephone: (203) 653-2250
                                              Facsimile:   (203) 653-3424
                                              *Attorneys for Plaintiff*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 20, 2018, I electronically filed the foregoing with the Clerk of this Court using the CM/ECF system, which sent notice of such filing to all counsel of record.

By <u>/s/ Sofia Balile</u>
Sofia Balile, Esq.