# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**ONE JEFFERSON ROAD**
**PARSIPPANY, NJ 07054**

(973) 503-5900

NEW YORK, NY
WASHINGTON, DC
LOS ANGELES, CA
CHICAGO, IL
HOUSTON, TX
STAMFORD, CT
BRUSSELS, BELGIUM

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(973) 503-5950
www.kelleydrye.com

LAURI A. MAZZUCHETTI
DIRECT LINE: (973) 503-5910
EMAIL: lmazzuchetti@kelleydrye.com

December 4, 2018

**BY ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07101

      Re: *Michael Johnson v. Comodo Group, Inc., et al.*, **No. 16-cv-04469**
           **Pre-Conference Status Letter of Comodo Group, Inc.**

Dear Judge Wettre:

      We represent defendant Comodo Group, Inc. ("CGI") in the above-referenced matter and respectfully submit this letter in advance of the December 6, 2018 status conference.

      As this Court is aware, this action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff Michael Johnson alleges that CGI placed several telemarketing calls to his cellular telephone number without his prior express written consent, allegedly in violation of the TCPA. CGI denies having violated the TCPA.

## I. Plaintiff's Proposed Addition of New Defendants

      The most significant pending issue in this case is Plaintiff's attempts to add two new defendants. The result of those efforts, and any motion practice triggered, will significantly impact the remaining deadlines and progression of this case.

      On September 5, 2018, Plaintiff filed his Second Amended Complaint, which included adding "Comodo CA, Inc." as a defendant.[1] The record reflects Plaintiff's service of that Complaint on Comodo CA, Inc. on September 10, 2018. (Dkt. No. 80.) On September 26, 2018, counsel for Comodo CA, Inc. appeared in the case and filed an application for leave to extend time to respond to the Second Amended Complaint until October 15, 2018. (Dkt. No. 84.)

---

[1]     CGI timely answered the Second Amended Complaint on September 19, 2018. (Dkt. 81.)

**KELLEY DRYE & WARREN LLP**

Hon. Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page Two

During the parties' October 10 status conference, the Court adjourned Comodo CA, Inc.'s responsive pleading deadline and Comodo CA, Inc. has not filed an initial pleading in this case.

On October 18, 2018, Plaintiff filed his Third Amended Complaint, purportedly "as of right," seeking to add another new defendant, identified as "Comodo CA, Limited a/k/a 'Comodo CA' a/k/a 'Comodo Certificate Authority.'" (Dkt. No. 89.)[2] During the October 25, 2018 telephonic status conference, the Court ruled that the deadline for any responses to that Third Amended Complaint was stayed. On November 26, 2018, Plaintiff filed an executed summons and witness statement alleging service on Comodo CA Limited on November 1, 2018. (Dkt. No. 103.) Consistent with the Court's stay order, no motions or answers have been filed in response to the proposed Third Amended Complaint.

CGI takes no position concerning the viability of claims against any of the proposed new entities. Despite the similarity of names, neither Comodo CA Limited nor Comodo CA, Inc. are currently affiliated with CGI. For reasons unrelated to this lawsuit, the certificate authority business to which CGI provided services was sold in October 2017. CGI, therefore, no longer provides those services. As reflected on the docket, CGI and the other parties are represented by separate counsel and are not identically situated on all issues in this case.

CGI respectfully requests that any further depositions or motion practice (including Plaintiff's Motion for Class Certification) continue to be stayed pending clarification of the parties to the case.

## II.  Motion for Class Certification

On September 11, 2018, the Court granted Plaintiff leave to file a motion for class certification based on Plaintiff's argument that "Plaintiff has done sufficient discovery in this matter for the Court to evaluate the class certification prerequisites of Rule 23 (a) & (b)…." (Dkt. No. 75 (Plaintiff's Aug. 31, 2018 Letter).) That motion was due to be filed by October 12, 2018, but the Court adjourned that deadline during the October 25 status conference pending resolution of the issues surrounding the potential addition of new defendants to this case.

---

[2]  On October 17, 2018, CGI consented to Plaintiff's filing of an additional amendment to the Complaint. CGI did not take, and does not take, any position as to whether viable claims exist as to any additional parties and reserved all of CGI's rights and defenses to challenge any and all of Plaintiff's positions and claims in this case.

**KELLEY DRYE & WARREN LLP**

Hon. Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page Three

By letter dated November 26, 2018 Plaintiff requested that the Court set a deadline to file his motion by December 14, 2018 and to set a hearing for January 7, 2019. Plaintiff's proposed timeline is plainly unreasonable. The operative complaint remains an open question and the issue has not been joined with respect to two proposed defendants. The Court's October 10 rational for adjourning the prior motion deadline remains true and any motion for class certification should be held in abeyance until the parties to this case are confirmed.

Further, CGI has strong arguments in opposition to potential class certification and intends to oppose Plaintiff's motion. Plaintiff has indicated that its class certification motion will include evidence that goes beyond the existing record, including testimony from purported experts whom Plaintiff has not yet disclosed. CGI will also likely rely on expert testimony to oppose class certification. Accordingly, CGI's opposition should be due after the parties complete expert discovery related to Plaintiff's class certification motion. Plaintiff has requested a three-month period to conduct expert discovery. CGI therefore requests that its opposition deadline be set for a date that is at least 45 days after the close of expert discovery.

### III. Discovery Status

The parties have completed a substantial amount of fact discovery in this case; however, there are still limited open items to be addressed. While the deadline to complete fact discovery was set as October 31, 2018, the recent stay and delays created by Plaintiff's proposed addition of new defendants warrant a brief extension of that deadline.

**Fact Witness Depositions**. CGI deposed Plaintiff on July 9, 2018. Plaintiff conducted a Rule 30(b)(6) deposition of CGI in October 2017, and more recently deposed three CGI employees: Vice-President of Development, Operational Technology Israel Israilov; Sales Automation Team Lead Mirza Mehran; and Inside Sales Director Jennifer Ortiz. CGI does not currently anticipate taking additional fact witness depositions; however, Plaintiff has noticed an intention to take at least three additional depositions. Each of the depositions is subject to open objections that have not been fully addressed by the parties and are not ripe for consideration by the Court. However, because Plaintiff raised these depositions in his November 26 letter, we address each in turn:

On October 1, Plaintiff served two additional deposition notices for CGI personnel. One was for CGI's Chief Executive Officer Melih Abdulhayoglu. Separate from the question of whether Plaintiff can carry the high burden necessary to seek the "Apex deposition" of a company's chief executive officer in a TCPA case, CGI believes that neither this deposition nor

**KELLEY DRYE & WARREN LLP**

Hon. Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page Four

any other should occur before the new defendant(s) either join the case or is/are dismissed. The other deposition notice seeks additional 30(b)(6) testimony on multiple topics. CGI has raised its objections with Plaintiff concerning both the propriety of a second corporate representative notice and the substantive topics identified. CGI is optimistic the parties may be able to reach a compromise with respect to one or both of the notices without the need for intervention by the Court.

Also on October 1, Plaintiff informally noticed an intention to depose a corporate representative of VICIdial—the company that developed one of the open source software programs CGI used during the relevant time period—based on a subpoena that was adjourned in February 2018. The VICIdial deposition was noticed for four days later, on October 5, in St. Petersburg, Florida. On October 2, Plaintiff served a formal notice clarifying that the deposition would actually be of a new fact witness, Matt Florell, an employee of VICIdial. CGI and Comodo CA, Inc. objected to the deposition, including based on the short notice and logistics proposed. Plaintiff adjourned that deposition and no new date has been proposed.

**Written and Document Discovery**. CGI has served responses and objections to Plaintiff's interrogatories and requests for production and produced nearly 5,000 pages of documents in this matter. CGI's efforts to collect, review, and produce relevant documents remains ongoing. On September 12, 2018, after extensive good faith discussions, the parties agreed on a list of search terms for a supplemental collection of electronic correspondence from CGI. CGI is working to complete the forensic collection and review of documents containing those search terms and then will be in position to make a prompt production of any responsive documents identified. Plaintiff also seeks production of agreements related to the October 2017 transaction that resulted in the sale of the SSL business. Such documents post-date the relevant time period and are of questionable relevance to any issue beyond, potentially, the premature question of possible indemnification or financial responsibility. CGI objects to Plaintiff's baseless demand for these documents and, given the implications such documents have for the proposed new defendants, CGI has asked that the parties wait until the status of the additional entities is resolved so all parties have an opportunity to voice relevant objections to the potential production of such documents. Plaintiff's November 26 letter vaguely requests an order compelling production of all these documents "immediately." Such an order is unnecessary and, at best, premature.[3]

---

[3] Similarly, given Comodo CA, Inc.'s representation that it is a "stranger" to the facts at issue in this case and its intention to move for dismissal, CGI has objected to the production of document and deposition materials to Comodo CA, Inc. Unless and until Comodo CA, Inc., or any other entity, is an actual party to

**KELLEY DRYE & WARREN LLP**

Hon. Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page Five

      Plaintiff has served written responses and objections to interrogatories, requests for production, and requests for admission.  Plaintiff produced only a handful of documents, most of which did not come from Mr. Johnson and are of questionable relevance or evidentiary value in this case.  CGI has raised certain discovery issues concerning Plaintiff's deficient written discovery responses and the parties are meeting and conferring on those issues in hopes of resolving them without the need for Court intervention.  CGI expects additional written and document discovery may be warranted based on Plaintiff's recent responses and the November 15, 2018 response to a third-party subpoena from Plaintiff's former employer GoDaddy.com, LLC.

      We look forward to the opportunity to discuss these issues, as well as next steps for this case, during the December 6, 2018 status conference.

      Respectfully submitted,

      KELLEY DRYE & WARREN LLP

      */s/ Lauri A. Mazzuchetti*

      Lauri A. Mazzuchetti

cc:    All Counsel of Record (via ECF)

---

this case and the operative complaint is clarified, it would be premature to permit access to commercially sensitive business information to which those entities would not otherwise be entitled.