# SILLS CUMMIS & GROSS
### A PROFESSIONAL CORPORATION

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102-5400
Tel: 973-643-7000
Fax: 973-643-6500

101 Park Avenue, 28th Floor
New York, NY 10112
Tel: 212-643-7000
Fax: 212-643-6500

**Jeffrey J. Greenbaum**
Member
Admitted in NJ, NY
Direct Dial: 973-643-5430
E-mail: jgreenbaum@sillscummis.com

600 College Road East
Princeton, NJ 08540
Tel: 609-227-4600
Fax: 609-227-4646

December 4, 2018

**VIA ECF**

Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *Johnson v. Comodo Group, Inc., et al.*
     **Civil Action No. 16-4469 (SDW)(LDW)**

Dear Magistrate Judge Wettre:

  We represent Defendant Comodo CA, Inc. ("Comodo CA") in the above matter. Pursuant to the Court's November 14, 2018 Order, we write to provide our position in advance of the December 6, 2018 in-person conference.

  As the Court will recall, Comodo CA recently appeared in this nearly two and half year old litigation on September 26, 2018, after having been added as a party through Plaintiff's Second Amended Complaint ("SAC"). Comodo CA is a newly formed company that did not come into existence until September 20, 2017, well after any of the conduct alleged to have violated the Telephone Consumer Protection Act. Comodo CA would like to discuss the following topics at the conference.

   **A. Plaintiff's Third Amended Complaint Should Be Stricken**

  On October 18, 2018, Plaintiff, without the Court's permission, improperly filed a Third Amended Complaint ("TAC"), adding yet another new party, Comodo CA Limited, a company Plaintiff knew about from the commencement of the litigation. Comodo CA believes that the Court should *sua sponte* strike the TAC.

  As set forth in the TAC, Plaintiff knew about Comodo CA Limited's relationship with Comodo Group, Inc. since this case began. He intentionally chose not to sue this British company. He now seeks inexplicably to add it as a defendant only after it was sold to a third party. And

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Honorable Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page 2

when Plaintiff sought permission from this Court to add a new defendant, he did not add this company, but instead, added a newly-formed operating company, Comodo CA, Inc., which he knew had no responsibility for the conduct alleged in the Complaint. Plaintiff should not be able to play fast and loose with the Court's processes.

Plaintiff's TAC alleges that "Comodo CA Limited was founded in the year 2000 by Melih Abdulhayoglu" who also allegedly founded existing defendant Comodo Group, Inc. ("CGI") in 1998, and that Mr. Abdulhayoglu served as CEO and ran Comodo CA Limited from 2000 through October 25, 2017. TAC, ¶¶ 6-9. Moreover, Plaintiff alleges that Mr. Abdulhayoglu and CGI sold Comodo CA Limited to "private equity firm Francisco Partners" in October 2017, during the pendency of this litigation. TAC, ¶ 44. Why the sale has any relevance to acts ending over a year before is never explained.

It is undisputed that the only alleged wrongful conduct directed to Plaintiff occurred between May and July 2016, *before* the sale of Comodo CA Limited and before the creation of Comodo CA. As with his improper addition of Comodo CA, Plaintiff should not be permitted to add another new party and expand the scope of the Complaint on the eve of the discovery deadline with allegations that intentionally seek to confuse the relationship between the three Comodo entities with impermissible group pleading, and with knowingly incorrect allegations against Comodo CA during the time period Plaintiff knows that it did not exist, raising serious Rule 11 issues. If permitted to do so, previous discovery will need to be retaken, including several depositions, and the parties will need to engage in new written discovery, the production of documents, and depositions that will likely take many months to complete. Plaintiff made his strategic choice to only name CGI as a defendant, and he should be required to abide by that decision.

Not only did Plaintiff belatedly add this company it knew about from the outset without Court permission, but Plaintiff further violated this Court's directions by proceeding to serve the defendant after the Court explicitly directed, on an October 25 Conference Call, that nothing further was to happen with respect to the TAC until after a settlement conference and until after the Court could decide, if necessary, if the case did not settle, whether the TAC would be dismissed *sua sponte*. The direction was clear that no service was to occur. Plaintiff flouted that direction and did not call off its process server in England, who proceeded to serve that company during the period nothing further was to happen.

Striking Plaintiff's TAC is well within the Court's discretion and authority to manage this case's schedule. *See* Fed. R. Civ. P., Rule 16(b)(4)("A schedule may be modified only for good cause and with the judge's consent."); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007)(holding that "amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)."). In its February 20, 2018 Scheduling Order, the Court set an April 13, 2018, deadline for motions to add new parties or amend pleadings. (D.E.

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Honorable Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page 3

#51). And, even though that deadline passed, the Plaintiff asked and the Court permitted Plaintiff to amend the Complaint for a second time on August 29, 2018.[1] (D.E. #73). Neither time did Plaintiff seek to add Comodo CA Limited as a defendant. Plaintiff should not be permitted to openly disregard the Court's orders and turn the Court's management of this case on its head.

Further, Plaintiff's right to amend "as a matter of course" under Rule 15(a)(1)(B), of which Plaintiff seeks to take advantage, does not apply because Rule 15(a)(1) only permits a party to amend the Complaint "once" as a matter of course. Here, Plaintiff has filed two prior amendments to the Complaint and should not be permitted to continue to wreak havoc on the Court's docket by dragging new parties into a litigation at the eleventh hour, which will inevitably require expensive and time consuming additional discovery. *See United States ex rel. D'Agostino v. EV3, Inc.*, 802 F. 3d 188, 193 (1st Cir. 2015) ("We hold, without serious question, that a plaintiff may amend a Complaint only once as a matter of course under Rule 15(a)(1)."). This is precisely why Rule 21 requires a Court order to change the party structure of the case. *See Banks v. County of Allegheny*, 2007 U.S. Dist. LEXIS 86177, at *5-*6 (W.D. Pa. Nov. 25, 2007) ("The amended complaint filed on October 3, 2005, . . . added two parties . . . as a defendant. This was done without leave of court and prior to any responsive pleadings have been filed. The Court holds that such was improper under Fed. R. Civ. P. 21.").

Based on the foregoing, Comodo CA respectfully requests that the Court *sua sponte* strike Plaintiff's TAC and direct Plaintiff to proceed under the SAC.

> **B.  Comodo CA Should Be Permitted To File Its Motion To Dismiss The Second Amended Complaint**

At the time of filing the TAC, the Court had issued the October 10, 2018 Amended Scheduling Order staying Comodo CA's time to respond to the SAC and had instructed Plaintiff and Comodo CA's counsel to meet and confer on Comodo CA's continued participation in this action because it was not in existence at the time of the alleged wrongful conduct. Instead, Plaintiff acted in bad faith by ignoring the Court's directions and Order and filed the TAC. As noted above, Plaintiff's improper conduct should not be rewarded and he should be required to proceed under the SAC.

With regard to the SAC, Plaintiff is faced with indisputable evidence that Comodo CA did not come into existence until more than a year after the alleged wrongful conduct. Plaintiff, without explanation, however, still refuses to voluntarily dismiss Comodo CA. Regardless of what happens with respect to Comodo CA Ltd., we cannot understand Plaintiff's refusal to dismiss Comodo CA, Inc. when he knows it can have no liability with respect to the acts alleged in the Complaint. If he persists in his refusal to dismiss this entity, we respectfully request that the Court

---

[1] Plaintiff's first amended complaint was filed on February 20, 2018. (D.E. #50).

**SILLS CUMMIS & GROSS**
A PROFESSIONAL CORPORATION

Honorable Leda Dunn Wettre, U.S.M.J.
December 4, 2018
Page 4

permit Comodo CA to move to dismiss the claims against it in the SAC, and to seek sanctions pursuant to Rule 11, for its efforts in so doing.

### C. All Discovery Should Be Stayed Pending The Court's Determination of Whether Comodo CA Should Remain A Party

Plaintiff now seeks to file a motion for class certification (which he seeks to have immediately heard before discovery is completed), and he seeks to proceed with discovery. His plans, however, do not account for the havoc he has created by his actions to add two additional parties that have not participated in any discovery at all. These actions seek completely to evade the Court's control over the proceedings to date during the last two years as well as its attempts to bring this matter to prompt resolution.

It is Comodo CA's understanding that there are several depositions of non-parties and parties that need to be conducted, along with other written / paper discovery that needs to be exchanged between Plaintiff and CGI. Comodo CA should not be forced to incur unnecessary costs participating in such discovery when it has demonstrated that it was not in existence at the time of the alleged wrongful conduct. In addition, if such discovery is permitted to proceed, Comodo CA will be prejudiced by not participating if it ultimately remains a party to this litigation.[2]

Accordingly, Comodo CA respectfully requests that all discovery be stayed pending a determination of who are the proper parties in this litigation. In addition, if the motion for class certification is allowed to be filed, no responses should be scheduled until these outstanding issues are first resolved and the remaining parties have an opportunity to determine what additional discovery must be taken or retaken to address the motion.

We appreciate Your Honor's consideration of this matter and look forward to discussing these issues further during the December 6th in-person conference.

Respectfully submitted,

*/s/ Jeffrey J. Greenbaum*

JEFFREY J. GREENBAUM

JJG:cf
cc:   All counsel of record (via ECF)

---

[2] To date, Comodo CA has not received from Plaintiff most of the discovery produced and deposition transcripts of the depositions taken. Notwithstanding the existence of the Protective Order, defendant CGI has claimed its confidential documents should not be shared until it is determined whether any newly added parties are proper parties.