**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL JOHNSON, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>COMODO GROUP, INC. *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 16-4469 (SDW) (LDW)<br><br>**ORDER**<br><br>February 25, 2020 |

**WIGENTON**, District Judge.

　　This matter having come before this Court on Defendant Comodo Group, Inc.'s ("Defendant") Motion to Amend (D.E. 228) the Court's January 31, 2020 summary judgment order (D.E. 222, "Order") to permit interlocutory appeal;[1,2] and

　　**WHEREAS** on January 31, 2020, in its Order and Opinion (D.E. 221), this Court denied-in-part Defendant's Motion for Summary Judgment, denied Defendant's Motion to Exclude Plaintiff Michael Johnson's ("Plaintiff") Expert Anya Verkhovskaya, and granted Plaintiff's Motion for Class Certification; and

　　**WHEREAS** it is unlawful under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, to (1) make a non-emergency call without prior express consent (2) using an automatic telephone dialing system ("ATDS") ***or*** artificial or prerecorded voice, (3) to a cell phone.

---

[1] Defendant's request for permission to file a motion to amend (D.E. 225) is granted *nunc pro tunc*.

[2] Defendant filed the instant motion on February 14, 2020.  Plaintiff opposed the motion on February 18, 2020, and Defendant replied on February 19, 2020.  (D.E. 229, 230.)

47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1); and

**WHEREAS** in its Opinion, this Court denied summary judgment that Defendant's predictive dialing platform, VICIdial, is not an ATDS under the TCPA.  VICIdial can automatically dial stored telephone numbers but cannot randomly or sequentially generate them.  (Opinion at 8–9.)  The Court also denied summary judgment that Defendant's use of prerecorded voicemails did not violate the TCPA, denied summary judgment that Defendant's alleged violations of the TCPA were not willful, and reserved judgment on whether the TCPA is constitutional pending the U.S. Supreme Court's decision in *Barr v. Political Consultants*, No. 19-631; and

**WHEREAS** courts in this district disagree whether predictive dialers qualify as ATDS under the TCPA following the Third Circuit's decision in *Dominguez on Behalf of Himself v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018).  (*See* Opinion at 9–10); *see also Rivero v. D'Jais, LLC*, Civ. No. 18-12697, 2019 WL 4784175, at *3 n.2, *5 n.6 (D.N.J. Sept. 30, 2019) (acknowledging the split); *Fleming v. Associated Credit Servs., Inc.*, 342 F. Supp. 3d 563, 572–77 (D.N.J. 2018) (discussing the split and holding that a predictive dialer is not an ATDS because it cannot randomly or sequentially generate numbers to be dialed); *Wilson v. Quest Diagnostics, Inc.*, Civ. No. 18-11960, 2018 WL 6600096, at *3 (D.N.J. Dec. 17, 2018) (holding that a predictive dialer is an ATDS "so long as it has the present capacity to dial numbers without human intervention" (citation, emphasis, and some punctuation omitted)); *Somogyi v. Freedom Mortg. Corp.*, Civ. No. 17-6546, 2018 WL 3656158, at *5–7 (D.N.J. Aug. 2, 2018) (holding that a predictive dialer is an ATDS if it can automatically and randomly or sequentially dial from a stored list of numbers); and

**WHEREAS** in reaching its decision that VICIdial is an ATDS, this Court relied in part on *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1050–52 (9th Cir. 2018) (holding that "the statutory definition of ATDS . . . includes devices with the capacity to dial stored numbers automatically").  Coinciding with and subsequent to this Court's decision, other Circuit Courts disagreed with the Ninth Circuit and held that equipment can be ATDS only if it has the capacity to randomly or sequentially generate telephone numbers to be dialed.  *See Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301 (11th Cir. January 27, 2020); *Gadelhak v. AT&T Servs., Inc.*, No. 19-1738, 2020 WL 808270 (7th Cir. Feb. 19, 2020); and

**WHEREAS** a district court may, in its discretion, certify a non-final order for interlocutory appeal under 28 U.S.C. § 1292(b) when the order "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.'"  *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)); and

**WHEREAS** this Court's Order involves a controlling question of law: the meaning of ATDS under the TCPA.  The question offers a substantial ground for difference of opinion, and has in fact been subject to a substantial difference of opinion among U.S. Circuit Courts of Appeal and U.S. District Courts within the District of New Jersey.  Furthermore, an immediate appeal may materially advance the ultimate termination of this litigation: a reversal on the ATDS issue would materially change and substantially reduce class notice and the issues for trial.  A reversal on the ATDS issue would potentially reduce the class from approximately 34,568 unique

3

telephone numbers to 15,637 unique telephone numbers (and from 148,738 calls to 54,544 calls).

(D.E. 115-6 (Anya Verkhovskaya's Expert Report) ¶¶ 20–24);[3,4,5] therefore,

**IT IS** on this 25th day of February, 2020,

**ORDERED** that Defendant's Motion to Amend is **GRANTED IN PART** and **DENIED IN PART**.  Defendant is permitted to file an interlocutory appeal and this matter shall be **STAYED** and **ADMINISTRATIVELY TERMINATED** pending the appeal.

**SO ORDERED.**

s/ *Susan D. Wigenton*_____
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:     Clerk
cc:       Hon. Leda D. Wettre, U.S.M.J.
          Parties

---

[3] The remaining class members allegedly received a prerecorded voicemail, which is a separate and independent basis for finding liability under the TCPA.  See *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351–52 (3d Cir. 2017).

[4] Defendant argues that this Court should also certify the question of whether the TCPA "prohibits a live caller, who, after a call is made, is unable to reach a live recipient, and elects to leave a pre-recorded message on the recipient's answering machine or voicemail rather than using his or her own voice." (D.E. 228-1 at 7.) Appeal of this issue would also materially advance the ultimate termination of this litigation, as reversal on both this issue and the definition of ATDS would terminate the case.  However, Defendant's proposed question for certification is really a question about this Court's application of *Susinno* to the facts of this case.  "Courts in this district have held that although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (citation omitted). Furthermore, Defendant has not presented any authority that persuades this Court that there is a substantial ground for difference of opinion as to the correctness of this Court's application of *Susinno*.  See *Litgo N.J., Inc. v. Martin*, Civ. No. 06–2891, 2011 WL 1134676, at *2 (D.N.J. Mar. 25, 2011) ("The burden is on the movant to demonstrate that all three [§ 1292(b)] requirements are met." (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004))).  This Court will therefore not certify the question.

[5] It is within this Court's discretion to certify one question and not the other.  See *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 635 (D.N.J. 2014) (certifying an order for interlocutory appeal where only one theory of liability was appealed, to "save time and expense, and [] materially advance the ultimate resolution of th[e] litigation" (citation omitted)), *aff'd*, 799 F.3d 236 (3d Cir. 2015).  However, "once leave to appeal is granted the court of appeals is not restricted to a decision of the question of law which in the district judge's view was controlling." *Katz*, 496 F.2d at 754 (citation omitted); *Johnson v. Alldredge*, 488 F.2d 820, 822–823 (3d Cir. 1973).